PAMELA Y. PRICE, ESQ. (State Bar No. 107713)
LAW OFFICES OF PAMELA Y. PRICE
A Professional Law Corporation
901 Clay Street
Oakland, CA 94607
Telephone: (510) 452-0292
Fax: (510) 452-5625
E-mail: pamela.price@pypesq.com

*Attorneys for Plaintiff*
IRMA B. SANCHEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IRMA B. SANCHEZ,**<br><br>Plaintiff,<br><br>**v.**<br><br>**STATE OF CALIFORNIA, SYDNEY SMYTH, and DOES 1 THROUGH 15, in their individual capacities,**<br><br>Defendants. | 1:12-cv-01835-AWI-SAB<br><br>**STIPULATED PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as “confidential” (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving employment information, medical information, private thoughts, private communications between family members or confidential financial information, subject to protection under the Federal Rules of Civil Procedure or California law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. Any party may designate Information as "Highly Confidential Information – Attorneys Eyes Only" under the terms of this order. "Highly Confidential Information – Attorneys Eyes Only" is information which, according to a party, is of an unusually confidential or proprietary nature. "Highly Confidential Information – Attorneys Eyes Only" is information which is only for the eyes of counsel, its legal assistants and its legal staff, as well as the Court, and shall not be disclosed to a party or to an officer, director, or employee of a party unless such disclosure is agreed to by all parties hereto in writing or ordered by the Court.

4. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

5. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than: (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation; (b) employees of such counsel; (c) individual defendants, class representatives, any officer or employee of a party, to the extent

deemed necessary by counsel for the prosecution or defense of this litigation; (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information; (e) any authors or recipients of the Confidential Information; (f) the Court, court personnel, and court reporters; and (g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

6. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7. A party seeking to file a document under seal must seek authorization of the Court in accordance with Civil Local Rule 141. No document shall be filed under seal except pursuant to a court order that authorizes the sealing of the particular document or portion thereof and is narrowly tailored to seal only that material for which good cause to seal has been established. Only those documents, pages or, if practicable, those portions of documents or pages, which contain the information requiring confidentiality shall be sealed.

8. For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall

be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope: This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

9. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

10. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

11. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or (b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or (c) the Court rules the material is not Confidential Information.

12. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise

agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either: (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information; or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

13. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. This Stipulation shall have no application to trial, or the presentation of evidence at trial in this matter. Should either party deem a protective order necessary at the time of trial, they may enter into an agreement or move the Court for an appropriate order.

14. This Stipulation is made without prejudice to the right of any party to seek an Order from the Court modifying or limiting any designation of information or documents as confidential, or otherwise modifying this Stipulation and Protective Order in any way with respect to any specified materials after forty-eight (48) hours written notice to the opposing party.

15. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

16. Each category of information proposed to be covered by this Order implicates the private personal information of one of the parties, both of whom are sworn peace officers with particular concerns about their safety and privacy.

17. The following categories of information may be designated as confidential and qualify for protections under this stipulation:

i. "Personnel records" as that term is defined in California Penal Code section 832.8;

ii. Personal information regarding an inmate, former inmate, or employee or former employee of CDCR;

iii. Medical and mental health records and information; and

iv. Information subject to protection under Eastern District of California Local Rules 140, 141, and 141.1.

18. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Dated: July 21, 2014

LAW OFFICES OF PAMELA Y. PRICE

*/s/ Pamela Y. Price*

PAMELA Y. PRICE, *Attorneys for Plaintiff*
IRMA B. SANCHEZ

Dated: July 21, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
SCOTT H. WYCKOFF
Supervising Deputy Attorney General

*/s/ Matthew T. Besmer*

MATTHEW T. BESMER
Deputy Attorney General
*Attorneys for Defendants*
STATE OF CALIFORNIA and
SYDNEY SMITH

**ORDER**

The foregoing Stipulation is approved and IT IS SO ORDERED.

IT IS SO ORDERED.

Dated: **July 23, 2014**

UNITED STATES MAGISTRATE JUDGE