KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID J. NEILL, State Bar No. 186997
Supervising Deputy Attorney General
MATTHEW T. BESMER, State Bar No. 269138
Deputy Attorney General
 2550 Mariposa Mall, Room 5090
 Fresno, CA 93721
 Telephone: (559) 477-1680
 Fax: (559) 445-5106
 E-mail: Matthew.Besmer@doj.ca.gov
*Attorneys for Defendants California Department of
Corrections and Rehabilitation and Sydney Smyth*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| IRMA B. SANCHEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, SYDNEY SMYTH, and DOES 1 THROUGH 15, in their individual capacities,**<br><br>                              Defendants. | 1:12-cv-01835-SAB<br><br>**DECLARATION OF CONNIE GIPSON** |

I, Connie Gipson, declare as follows:

1.     I am currently the Acting Assistant Director, General Population-Males for the California Department of Corrections and Rehabilitation ("CDCR") in Sacramento, California. From April 2010 through December 2013, I served as the Chief Deputy Warden, Acting Warden, and Warden of California State Prison, Corcoran ("Corcoran"). Throughout my career and in the course and scope of my duties as an employee of CDCR, I have become familiar with CDCR's policies on employee corrective action and discipline.

2.     A written employee counseling is issued on CDC Form 1123. A written

counseling is intended to provide instruction to employees about laws, rules, policies, and employee expectations. A written counseling is not disciplinary action. A true and correct copy of pertinent portions of the CDCR Department Operations Manual addressing employee counseling are attached hereto as Exhibit A.

3. A cease and desist order is not disciplinary action.

4. After I learned that Plaintiff Irma B. Sanchez ("Sanchez") had filed an internal discrimination complaint against Sydney Smyth ("Smyth"), I redirected Smyth off of his post on the 3C facility and assigned him to work in a different area of the prison. The purposes of my direction was to minimize, if not eliminate, contact between Sanchez and Smyth while Sanchez's EEO complaint was being investigated.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on January 13, 2015, at Sacramento California.

CONNIE GIPSON

**EXHIBIT A**

- Drafting settlement agreements for all designated cases;
- Assisting the Hiring Authority and ERO/Disciplinary Officer in drafting settlement agreements and reviewing the form and substance of each proposed settlement agreement drafted by the Hiring Authority and/or the ERO/Disciplinary Officer, prior to the Hiring Authority entering into any settlement;
- Coordinating with the SAIG, for cases the BIR is monitoring, at each step of the investigative and disciplinary process;
- Coordinating with the Hiring Authority, SPB representatives, and other individuals and entities as appropriate;
- Maintaining accurate records of assignments and documenting in the legal database all communications with the Hiring Authority and SAIG regarding disciplinary penalties; the *Skelly* Hearing; the *Skelly* Officer's recommendation; the outcome of Executive Review; settlement agreements; SPB Hearings; and any appellate proceedings;
- Documenting in the legal page of the CMS all communications with the investigator, Hiring Authority, and SAIG regarding investigative reports and investigative findings.

### 33030.5.6    Office of Personnel Services, Human Resources

Personnel Services staff and/or local personnel staff shall be responsible for the following:

- Processing adverse actions as indicated by the Hiring Authority on the Notice of Adverse Action;
- Filing and retaining Final Notices of Adverse Action in employee official personnel files for three (3) years unless the retention period is reduced by the Hiring Authority after the *Skelly* Hearing or otherwise agreed to by stipulated settlement.

Office of Personnel Services, Employee Discipline Unit, staff shall be responsible for the following:

- Collecting and maintaining the official departmental copies of all adverse action documents separate and apart from those held in the Official Personnel files;
- Maintaining statistical information and generating reports on adverse actions using the Case Management System;
- Drafting adverse actions and representing the Department before the SPB for non-designated cases emanating from the Headquarters Offices and Divisions, Juvenile Justice Divisions, and all Parole Regional Offices.

### 33030.6    Managerial Employees

Supervisors or managers appointed after January 1, 1984, as a designated managerial employee, but who are not in a career executive category, are subject to the provisions in Government Code section 3513 et seq. (Ralph C. Dills Act). The managerial employee may be disciplined for any cause except for a cause constituting prohibited discrimination as found in Government Code sections 19700 through 19703.

### 33030.7    Peace Officer Procedural Bill of Rights

All employees designated by the Penal Code as peace officers, both probationary and permanent, are fully guaranteed their Peace Officer Procedural Bill of Rights (Government Code sections 3300 through 3311) during any adverse action procedure, including related interviews and investigations.

### 33030.8    Causes for Corrective Action

Not all inappropriate behavior will require the imposition of disciplinary action. In some cases, corrective action and documentation may be more appropriate and must generally be issued within thirty (30) calendar days of discovering inappropriate behavior or poor performance. [For use of force incidents, Letters of Instruction must generally be issued within thirty (30) days from when the Institution Executive Review Committee concludes its review of the incident.] The purpose of corrective action is to help an employee change problem behavior or performance before discipline is necessary and may be imposed for any employee conduct or performance that is correctable by means of counseling and/or training (up to and including a Letter of Instruction). Corrective action may precede adverse action or an adverse action penalty may include corrective action. For peace officers covered by the Bargaining Unit 6 Agreement, behaviors that resulted in corrective action may not be used as cause for adverse action but may be cited in an adverse action for subsequent violations to prove the employee knew about a statute, regulation, or procedure or to prove that the employee has engaged in a pattern of violating a statute, regulation, or procedure within the past year. Corrective actions may also be used to rebut the employee's claim that he/she did not know about a statute, regulation, or procedure and/or expectation.

### 33030.8.1    Types of Corrective Action
### 33030.8.1.1    In-Service Training (IST)

When IST is ordered, the supervisor or manager shall complete section one of the memorandum form "Order for Formal IST or Documentation of OJT." Orders for IST shall direct the employee to report to the IST Training Manager, Assistant IST Training Manager, or other departmental training officer for completion of specific IST by a specified date. When formal training is ordered, the employee is responsible to report to the appropriate Training Manager and complete the training prior to the due date set for the completion of the training. Orders for formal IST and completed IST documentation shall be filed in the employee's supervisory file.

### 33030.8.1.2    On the Job Training (OJT)

When OJT is ordered, the supervisor shall complete section two of the memorandum form "Order for Formal IST or Documentation of OJT" and shall complete the CDC Form 844, In-Service Training Sign-In Sheet. The employee shall be given the opportunity to sign the CDC Form 844 to indicate his or her participation in discussion and acknowledge receiving and understanding the training provided. Orders for OJT and completed OJT documentation shall be filed in the employee's supervisory file.

### 33030.8.1.3    Employee Counseling Record

The supervisor or manager shall meet with the employee and discuss his or her conduct or performance level and complete a CDC Form 1123, Employee Counseling Record. In the Action Plan section of the CDC Form 1123, the supervisor or manager shall indicate any training the supervisor or manager has provided to the employee or indicate training directed to the employee to attend, specifying the training the employee is required to complete and the length of time the employee is allowed to complete the training. The employee shall be given the opportunity to sign for a copy of the CDC Form 1123. Follow-up discussions with employees who receive a CDC Form 1123 shall occur and shall be documented and placed in the employee's supervisory file. The CDC Form 1123 shall be filed in the employee's supervisory file.

### 33030.8.1.4    Letters of Instruction

An LOI may not deprive employees of pay or benefits (e.g., removal from a position, loss of differential pay). The LOI shall be prepared on a memorandum and shall (1) state the expected performance standards to be met; (2) provide a plan to meet expected performance; and (3) indicate time frames to meet the expectation. The memorandum shall be as follows:

- Entitled "Letter of Instruction;"
- Clearly addressed to employee;
- Clearly state the nature and circumstances of the problem;
- Cite previous discussions with employee;
- Include an explanation of why the employee's conduct is considered inappropriate, and what conduct would have been appropriate;
- Clearly state exactly what standards of performance are expected from the employee;
- Include results of face-to-face discussion;
- Develop a plan and set a date, not to exceed one year, by which the employee is to meet the expected performance.

The LOI shall be signed by the supervisor and presented to the employee for his/her signature. A copy of the signed LOI shall be provided to the employee. The Hiring Authority shall sign the space "Approved for Placement in Personnel File." A copy of the LOI shall be forwarded to the ERO/Disciplinary Officer and to the local personnel office for placement in the employee's official personnel file and the employee's supervisory file.

Follow-up discussions with employees who receive an LOI shall occur and be documented and filed in the employee's supervisory file. [See *Otto v. Los Angeles Unified School District* (2001) 89 Cal. App. 4th 985]

### 33030.8.2    Initiating Corrective Action

The responsible supervisor/manager shall review the employee's supervisory file for documentation of any prior corrective actions for similar misconduct occurring within the past one (1) year. The one-year period runs from the date of issuance of the corrective action (e.g., LOI). Corrective actions that are beyond the one-year period shall not be considered in this review. If prior corrective actions exist, supervisors/managers shall review each corrective action to determine if referral for adverse action is more appropriate than issuance of another corrective action.

### 33030.8.3    Documentation Retention