1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA B. SANCHEZ, | Case No.  1:12-cv-01835-SAB |
| Plaintiff, | ORDER ON PARTIES' MOTIONS IN LIMINE |
| v. | (ECF Nos. 102-103, 104, 017, 108-109, 110) |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

## I.

## INTRODUCTION

Following the decision on Defendants' motion for partial summary judgment, this action is proceeding against Defendant State of California for sexual harassment and retaliation by allowing Plaintiff to be subjected to sexual harassment by Defendant Smyth in violation of 28 U.S.C. § 2000e and failure to prevent harassment, discrimination, and retaliation in violation of California Government Code section 12940 et seq. (the California Fair Employment and Housing Act (hereafter "FEHA")); and against Defendant Smyth for sexual harassment in violation of the FEHA.

On April 15, 2015, Defendant filed a motion in limine and declaration in support and Plaintiff filed a motion in limine.  (ECF Nos. 102-103, 104.)  Plaintiff filed a request to seal documents on April 28, 2015, which was granted on April 29, 2015.  (ECF Nos. 105, 106.)  On April 29, 2015, Defendants filed an opposition to Plaintiff's motion in limine, and Plaintiff filed

1    an opposition to Defendants' motion in limine and a declaration in support.  (ECF Nos. 107, 108-

2    109.)  On April 30, 2015, Plaintiff's exhibit was filed under seal.  (ECF No. 110.)

3    A hearing on the parties' motions in limine was held on May 6, 2015.  (ECF No. 111.)

4    Counsel Pamela Y. Price appeared for Plaintiff and Counsel Matthew T. Besmer and Phillip

5    Kleam appeared for Defendants.  (Id.)  Having considered the moving papers, the arguments at

6    the May 6, 2015 hearing, and the Court file, the Court issues the following order.

7                                                **II.**

8                                       **LEGAL STANDARD**

9    A party may use a motion in limine to exclude inadmissible or prejudicial evidence

10   before it is actually introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).

11   "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious

12   and evenhanded management of the trial proceedings."  Jonasson v. Lutheran Child and Family

13   Services, 115 F.3d 436,440 (7th Cir. 1997).  A motion in limine allows the parties to resolve

14   evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in

15   front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the

16   taint of prejudicial evidence.  Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

17   Motions in limine that exclude broad categories of evidence are disfavored, and such

18   issues are better dealt with during trial as the admissibility of evidence arises.  Sperberg v.

19   Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some

20   evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in

21   limine and it is necessary to defer ruling until during trial when the trial judge can better estimate

22   the impact of the evidence on the jury.  Jonasson, 115 F.3d at 440.

23                                                **III.**

24                                         **DISCUSSION**

25   **A.      Plaintiffs' Motions in Limine**

26   Plaintiff brings seven motions in limine seeking to exclude evidence at trial.

27   1.      Plaintiff's Motion In Limine No. 1

28   In the first motion in limine, Plaintiff seeks to exclude or limit the testimony of

1   Defendants' medical expert.  Plaintiff contends that since she refused to answer test questions

2   during the examination by Dr. Scott, his testimony is not medically reliable.  Defendant counters

3   that allowing Plaintiff to preclude Dr. Scott's testimony because of her lack of cooperation

4   would provide an incentive for plaintiffs not to cooperate during medical evaluations.  Further,

5   Defendants contend that Dr. Scott's testimony was based on more than just the test in which

6   Plaintiff refused to cooperate.

7          The Federal Rules of Evidence provide than a witness who is qualified may testify as an

8   expert if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier

9   of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on

10  sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and

11  (d) the expert has reliably applied the principles and methods to the facts of the case."  Fed. R.

12  Evid. 702.  The trial court has a gatekeeping goal to admit only expert testimony that is both

13  reliable and relevant.  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993).  In

14  making the determination to admit evidence, the Court is not to supplant the adversary system or

15  role of the jury.  In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, &

16  Products Liab. Litig., 978 F. Supp. 2d 1053, 1065 (C.D. Cal. 2013).

17         Plaintiff does not appear to be challenging Dr. Scott's testimony based on his

18  qualifications as an expert, but argues that since she refused to answer over 300 of the test

19  questions his testimony is not reliable.  Plaintiff contends that, due to her refusal to participate in

20  the examination, his opinion is his speculation based on his determination of the accuracy of her

21  reports to her treating professionals and credibility based on her medical history.

22         The Federal Rules provide that the facts and data upon which the expert opinion must be

23  based under Rule 702(b) may come from the expert's personal observation, or the expert may

24  simply be made aware of those facts or data.  Fed. R. Evid. 703.  In this instance, Dr. Scott

25  conducted a six hour forensic examination of Plaintiff.  (ECF No. 110 at 1.)  His opinion was

26  based upon this examination, as well as review of a significant number of documents associated

27  with this case and Plaintiff's medical records.  (Id. at 2.)  Dr. Scott's report does include his

28  medical opinion of Plaintiff's emotional distress based upon his examination.  (Id. at 43.)  As

1   Plaintiff argues in her motion, Dr. Scott found that Plaintiff was minimizing or misrepresenting
2   her life events to maximize her reported emotional symptoms as solely related to her alleged
3   harassment and retaliation.  The Court is not persuaded by Plaintiff's conclusory argument that
4   this is not a medical opinion.

5        Rule 23(b) "requires that the evidence or testimony 'assist the trier of fact to understand
6   the evidence or to determine a fact in issue.'  This condition goes primarily to relevance."
7   Daubert, 509 U.S. at 591.  "Evidence is relevant if: (a) it has any tendency to make a fact more or
8   less probable than it would be without the evidence; and (b) the fact is of consequence in
9   determining the action."  Fed. R. Evid. 401.  In this instance, Plaintiff is claiming emotional
10  distress damages based upon the alleged conduct of Defendant Smyth.  Dr. Scott's opinion
11  regarding the causes and severity of Plaintiff's emotional distress is evidence that would assist
12  the trier of fact and is in consequence in determining damages in this action.

13       Plaintiff argues that Dr. Scott's opinion was based in part by his extreme resentment that
14  Officer Sanchez showed resistance in cooperating with the examination.  However, the fact that
15  Plaintiff did not cooperate with the examination is relevant to her emotional distress claims.
16  Furthermore, Plaintiff shall be able to explore the reason that Plaintiff did not consent and any
17  resentment by Dr. Scott and the effect that had on his medical opinion during cross examination.

18       Finally, Plaintiff argues that Dr. Scott's opinion was formed based on his invasion of her
19  sexual privacy.  Rule 412 provides that evidence is not admissible to prove a victim engaged in
20  other sexual behavior or a victim's sexual predisposition.  Evidence of sexual behavior can be
21  admitted in a civil action where "its probative value substantially outweighs the danger of harm
22  to any victim and of unfair prejudice to any party."  Fed. R. Evid. 42(b)(2).  Plaintiff contends
23  that, due to the conduct she was subjected to by Defendant Smyth, she developed difficulty in
24  trusting men.

25       The purpose of Rule 412 is "to safeguard the alleged victim against the invasion of
26  privacy, potential embarrassment and sexual stereotyping that is associated with public
27  disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding
28  process."  Fed. R. Evid. 412 advisory committee note (1994).  Evidence regarding sexual

1  behavior is barred except "in designated circumstances in which the probative value of the
2  evidence significantly outweighs possible harm to the victim." Id.  Given Plaintiff's assertion
3  that her emotional distress was so extreme that she was unable to trust men, the facts regarding
4  Plaintiff's relationship with her fiancé are probative to rebut Plaintiff's claims of emotional
5  distress.  However, evidence of sexual behavior beyond the fact that during the relevant time
6  period Plaintiff entered into and continued a relationship with her fiancé is precluded by Rule
7  412.  Plaintiff's motion in limine to prohibit Dr. Scott from testifying to evidence of Plaintiff's
8  sexual behavior is granted.

9  While Plaintiff argues that Dr. Scott inquired into her marital problems with her husband,
10 the extramarital conduct of Plaintiff's husband does not fall within the prohibition of Rule 412.
11 Plaintiff's husband is not a victim in this action, and his conduct is not offered to prove
12 Plaintiff's sexual behavior.  Plaintiff has placed her emotional distress at issue in this action and
13 other significant probative evidence as to the cause of that emotional distress is relevant to Dr.
14 Scott's opinion.

15 Plaintiff's motion to exclude or limit the report of Dr. Scott is granted in part.   In
16 providing his medical opinion, pursuant to Rule 412, Dr. Scott is limited to discussing that
17 Plaintiff entered into and was involved in a relationship with her fiancé.

18 2.    Plaintiff's Motion in Limine No. 2

19 Plaintiff moves to exclude character evidence offered to discredit Officer Gaulden
20 regarding an off-duty dispute that resulted in disciplinary action against Officer Gaulden.
21 Defendants do no oppose the motion to exclude this evidence.  Plaintiff's motion to exclude
22 evidence of this disciplinary action is granted.  To the extent that Plaintiff is attempting to
23 exclude all evidence of "unrelated disciplinary actions against Officer Gaulden" the Court cannot
24 resolve other disciplinary actions that were not briefed by Plaintiff.

25 3.    Plaintiff's Motion in Limine No. 3

26 Plaintiff moves to exclude or severely limit admission of evidence of criminal allegations
27 against Plaintiff's son.  Defendants argue that Plaintiff's son was arrested at her home while she
28 was present within a month of her filing her first sexual harassment complaint against Defendant

Smyth.  Defendants seek to introduce this evidence to provide an alternate explanation for her emotional distress.

The evidence that Plaintiff's son was arrested and the severity of the charges are clearly highly probative evidence regarding her emotional distress at the time.  Plaintiff argues that she will be at a "Hobson's choice" because if she states that the charges did not affect her she could be adjudged a bad mother and by inference a "loose woman" at work.  The Court finds this argument to be without merit.

Plaintiff also argues that if she states she was devastated then Defendants will reap a windfall.  However, the prejudice to Plaintiff in this instance is clearly outweighed by the extreme probative value of this evidence.  Plaintiff is claiming severe emotional distress due to the alleged sexual harassment by Defendant Smyth and her son's legal problems provide an alternate reason for the severity of her emotional distress.

Defendants may inquire into the impact of Plaintiff's son's arrest upon her.  Defendants state that they do not seek to introduce evidence of the nature of the charges unless Plaintiff claims to be aware of them.  Plaintiff's motion shall be granted in part.  Defendants may inquire into the emotional impact of Plaintiff's son's arrest upon her and may impeach Plaintiff with evidence that she knew what the charges were and that she was upset by them.  However, the nature of the charges shall not be admitted without further order of the Court.

4.    Plaintiff's Motion in Limine No. 4

Plaintiff seeks to exclude character evidence regarding Officer Aboytes.  Plaintiff contends that evidence that Officer Aboytes created a hostile work environment is irrelevant to the issue of whether Defendant Smyth sexually harassed Plaintiff and if Defendant CDCR retaliated against her after she complained of this conduct.  Defendants contend that evidence of animosity between Officer Aboytes and Defendant Smyth would go to bias.  Further, Defendants contend that evidence that Officer Aboytes recruited witnesses in an attempt to bolster claims against Defendant Smyth and discredit him is not character evidence.

The Court finds that Plaintiff is seeking ruling on an issue that cannot be accurately and efficiently evaluated in a motion in limine and it is necessary to defer ruling until during trial.

1 | <u>Jonasson</u>, 115 F.3d at 440.  Plaintiff's motion to exclude evidence regarding Officer Aboytes is

2 | denied without prejudice.

3 |      5.    <u>Plaintiff's Motion in Limine No. 5</u>

4 | Plaintiff seeks to exclude expert opinion testimony by Ann Hoopes, Odis Williams, and

5 | Connie Gipson.  Defendants counter that they do not seek to offer expert opinion testimony by

6 | these witnesses but they shall be testifying as percipient witnesses.  Plaintiff's motion is granted

7 | to the extent that it applies to expert opinion testimony.

8 |      6.    <u>Plaintiff's Motion in Limine No. 6</u>

9 | Plaintiff seeks to exclude evidence that CDCR took remedial action to address her

10 | concerns of sexual harassment.  Defendants reply that they have disclosed all evidence that is to

11 | be presented at trial.  To the extent that Plaintiff objects to evidence produced at trial on the basis

12 | that it was not disclosed during discovery, such an objection will need to be made at that time.

13 | Plaintiff's general request to exclude evidence of remedial action is not capable of being decided

14 | in a motion of limine.  Plaintiff's motion to exclude evidence of remedial action taken by the

15 | CDCR is denied

16 |      7.    <u>Plaintiff's Motion in Limine No. 7</u>

17 | Plaintiff moves to exclude evidence of Plaintiff's sexual behavior or sexual

18 | predisposition pursuant to Rule 412.  Defendants state that they seek to file a Rule 412 motion

19 | prior to trial.

20 | As discussed above, the Court has ruled that Dr. Scott may only testify regarding Plaintiff

21 | being involved in a relationship with her fiancé as it relates to emotional distress.  While Plaintiff

22 | seeks to exclude evidence, and Defendants appear to seek to admit evidence, without the parties

23 | disclosing the testimony to admitted the Court cannot rule on Plaintiff's motion.  The Court shall

24 | set a briefing schedule for the parties to file a Rule 412 motion prior to trial.

25 | **B.**    **Defendants' Motions in Limine**

26 | Defendants bring nine motions in limine seeking to exclude evidence at trial or determine

27 | the character of evidence.

28 |

1        1.      Defendants' Motion in Limine No. 1

2        Defendants move to exclude evidence that Defendant Smyth hugged and kissed

3  Correctional Officers Isabel Ramirez and Sarah Walsh and that Defendant Smyth had a

4  reputation for hugging and kissing female correctional officers.   Plaintiff counters that in a

5  discrimination action a plaintiff can offer "direct comparative evidence" to show harassment.

6        Defendants contend that evidence that on two other occasions Defendant Smyth hugged

7  and kissed two different women on the check is inadmissible character evidence.   The Federal

8  Rules of Civil Procedure provide that "[e]vidence of a crime, wrong, or other act is not

9  admissible to prove a person's character in order to show that on a particular occasion the person

10  acted in accordance with the character."  Fed. R. Evid. 404(b)(1).   Defendants are correct that

11  Plaintiff cannot introduce character evidence to show that Defendant Smyth sexually harassed

12  Plaintiff on another occasion.   However, evidence of prior conduct may be admissible to show

13  "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge,

14  identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).

15        Plaintiff does not provide any argument that the evidence here falls under the exception

16  listed in Rule 404(b).   Rather Plaintiff argues that such evidence is admissible to show

17  discrimination or a hostile work environment.   A plaintiff in a discrimination action can admit

18  evidence of harassment of other employees to show that the defendant viewed female workers as

19  sexual objects.   Heyne v. Caruso, 69 F.3d 1475, 1481.   In determining the admissibility of the

20  evidence, the court should consider how closely related the evidence is to the circumstances of

21  the plaintiff's case and the theory of the case.   Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S.

22  379, 388 (2008).

23        Here, while the conduct sought to be admitted is not significantly similar to that to which

24  Plaintiff complains that she was subjected, the Court finds that it does demonstrate that

25  Defendant Smyth believed the culture of the prison would allow him to engage in conduct

26  toward the opposite sex that could be considered objectionable.   This is probative to the question

27  of whether the CDCR allowed a hostile work environment to exist.   Although Defendants argue

28  that the prejudice outweighs any probative value, Defendants will be able to cross examine the

witnesses to allow them to clarify that they did not believe the conduct was sexual in nature and did not submit a complaint regarding Defendant Smyth's conduct.   Accordingly, Defendants' motion to exclude the testimony of Isabel Ramirez and Sarah Walsh is denied.

Defendants also seek to exclude evidence that Defendant Smyth had a habit of hugging female officers.  Plaintiff indicates that she intends to present evidence that Defendant Smyth was seen hugging other female officers.  Evidence of a person's habit may be admitted to prove that on a particular occasion that person acted in accordance with that habit.  Fed. R. Evid. 406. While Plaintiff alleges that Defendant Smyth had a habit of hugging and kissing female officers, this is not the conduct which Plaintiff alleges she was subjected to by Defendant Smyth.  The Court finds that this evidence has some relevance as discussed above that this may be probative as to the culture of the prison that would allow him to engage in such conduct.   However, the relevance of this conduct is not strong as it is not similar to the conduct to which Plaintiff alleges that she was subjected.  Further, the Court finds that evidence that Defendant Smyth only hugged other female officers is not significantly probative.  For that reason, the parties are advised that the Court will permit only a limited number of witnesses to present reputation testimony.

2.   Defendants' Motions in Limine Nos. 2 and 3

In motions in limine nos. 2 and 3, Defendants seek to preclude testimony of Plaintiff's experts on the ground that Plaintiff did not comply with Rule 26.  Pursuant to the amended scheduling order issued September 9, 2014, all expert witnesses were to be disclosed by November 14, 2014.  (ECF No. 53.)  The scheduling order provided that:

> The written designation of retained and non-retained experts shall **be made pursuant to Fed.R.Civ.P. 26(a)(2), (A), (B) and (C) and shall include all information required thereunder.**  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through the experts that are not properly disclosed in compliance with this order.
>
> The provisions of Fed.R.Civ.P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and the exclusion of their testimony.
>
> The provisions of Fed.R.Civ.P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

(Scheduling Order 2:26-3:9, ECF No. 22 (emphasis in original).)

1          a.      **Plaintiff's expert disclosure did not comply with Rule 26(a)(2)**

2          Defendants move to exclude the testimony of Plaintiff's treating doctors for failure to

3    comply with Rule 26(a)(2).  Plaintiff counters that she did disclose the treating physicians in

4    compliance with Rule 26(a).

5          Rule 26(a) provides that expert witnesses who are not required to provide a report must

6    provide "(i) the subject matter on which the witness is expected to present evidence under

7    Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which

8    the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(c).[1]  Rule 36(c)(1) gives teeth the

9    expert disclosure "requirements by forbidding the use at trial of any information required to be

10   disclosed by Rule 26(a) that is not properly disclosed."  Yeti v. Molly, Ltd. v. Deckers Outdoor

11   Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).  Rule 36 provides that a party is not allowed to use

12   information or witnesses that are not disclosed or supplemented as required by Rule 26(a) or (e)

13   unless the failure was substantially justified or harmless.   Fed. R. Civ. P. 36(c)(1).   "The

14   Advisory Committee Notes describe [this] as a 'self-executing,' 'automatic' sanction to 'provide[

15   ] a strong inducement for disclosure of material....' "  Yeti by Molly, Ltd., 259 F.3d at 1106

16   (quoting Fed.R.Civ.P. 37 advisory committee's note (1994)).  The burden is on the party seeking

17   to admit the evidence to demonstrate that the failure to disclose was substantially justified or

18   harmless.  Yeti by Molly, Ltd., 259 F.3d at 1107.

19         "Among the factors that may properly guide a district court in determining whether a

20   violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party

21   against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the

22   likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely

23   disclosing the evidence."  Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir.

24   2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)).

25         On November 14, 2014, Plaintiff served her initial disclosure of expert witnesses.  (ECF

26   No 103-8.)  Plaintiff disclosed five non-retained expert witnesses, Patricia Hunt, Barbara Ayers,

---

27   [1] A party is required to disclose both retained and non-retained experts and Rule 26 sets forth the disclosure
28   requirements for each type of expert.  Fed. R. Civ. P. 26 (a)(2).  Plaintiff's treating providers fall within the category
     of non-retained experts.

Kenneth Melashenko, Samantha Davis, and Marienau Cardoza.  (Id. at 2-4.)  For non-retained expert witnesses, "a party is required to disclose the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify."  Pineda v. City and County of San Francisco, 280 F.R.D. 517, 522 (N.D. Cal. 2012).

Plaintiff's expert disclosure was virtually identical for each expert.  Plaintiff stated that:

> [The expert] is expected to present evidence under Federal Rules of Evidence 702, 703, and 705 regarding the subject of Officer Sanchez' [subject of testimony].  [The expert's] testimony will deal with the following facts and/or opinions: (1) history taken from Officer Sanchez; (2) observations of Officer Sanchez; (3) review of records and assessment of treatment by previous and current health providers; (4) nature and impact of treatment the witness is providing to Officer Sanchez; (5) diagnosis Officer Sanchez' condition; (6) etiology of Officer Sanchez's condition, including stressors of sexual harassment; (7) prognosis of Officer Sanchez's condition; (8) costs of treatment to date; (9) estimate of duration and costs of medically necessary future treatment.

(ECF No. 103-8 at 2-4.)  Experts Patricia Hurt and Barbara Ayers were identified to testify as to Plaintiff's emotional distress.  (Id. at 2-3.)  Experts Kenneth Melashenko, Samantha Davis, and Marienau Cordoza were identified to testify as to Plaintiff's insomnia and skin condition.  (Id. at 3-4.)  While Plaintiff's expert notification reasonably informed Defendant on the subject matter on which the expert was to testify, it omitted a summary of the facts and opinions to which the witness will testify, in contravention of the requirements of Rule 26(a)(2)(c).

On November 21, 2014, Defendants sent a letter to Plaintiff informing her that her expert disclosures were deficient because they did not include a summary of facts and opinions to which each expert was to testify.  (ECF No. 103-9.)  Further, the letter informed Plaintiff that two of the experts had not been previously disclosed and Plaintiff had not previously indicated that she was seeking damages for a skin condition.  (Id. at 2.)

Initially, the Court notes that the witnesses identified appear to be Plaintiff's treating medical providers and for that reason may only testify as a percipient witness since Plaintiff did not designate them as a retained expert and provide a written report.  See Fed. R. Civ. P. 26(a)(2)(B).  The Ninth Circuit has held that "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony,

the proponent of the testimony must comply with Rule 26(a)(2)." <u>Goodman v. Staples The</u> <u>Office Superstore, LLC</u>, 644 F.3d 817, 819-20 (9th Cir. 2011). "[A] treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." <u>Goodman</u>, 644 F.3d at 821. Plaintiff's treating physician can generally testify as to the treatment that was provided to the plaintiff, the diagnosis of the plaintiff's conditions and prognosis, but once the attorney for the plaintiff attempts to elicit an opinion that would be provided by a retained expert it is the type of testimony that requires a report under Rule 26.[2] <u>Id.</u> at 821.

In this instance, Plaintiff states that her experts will testify based upon review of records by previous and current healthcare providers and the estimates and costs of medically necessary future treatment. The treating physician's testimony arises from his ground level involvement in the events giving rise to the litigation. <u>Downey v. Bob's Discount Furniture Holdings, Inc.</u>, 633 F.3d 1, 6 (1st Cir. 2011). He can only testify to causation as it is premised on his personal knowledge and observations made during the course of treatment. <u>Id.</u> at 7.

Plaintiff's statement as to the matters that the treating physicians will testify extends beyond the percipient testimony that a treating physician can provide without being transformed into a retained expert. To the extent that Plaintiff seeks to elicit an opinion based upon information provided by Plaintiff's attorney that was not reviewed during the course of treatment, it is beyond the scope of treatment and such testimony is precluded as Plaintiff did not provide expert reports that comply with Rule 26(a)(2)(B). Plaintiff's treating physicians may only testify as to the diagnosis that was made during percipient observations of Plaintiff and may not testify to the etiology and stressors of sexual harassment. Nor are the treating providers

---

[2] Rule 26(a)(2) provides that a party must disclose expert witnesses. Except where there is a stipulation of the parties or a court order, the expert must provide a written report that contains:

    (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
    (ii) the facts or data considered by the witness in forming them;
    (iii) any exhibits that will be used to summarize or support them;
    (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
    (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
    (vi) a statement of the compensation to be paid for the study and testimony in the case.

1  permitted to testify to the duration and the costs of future medical treatment.

2        While Plaintiff argues that her disclosures were timely and met the minimal requirements

3  of Rule 26, they did not include a summary of the facts and opinions to which each witness

4  would testify.  See Pineda, 380 F.R.D. at 523 (stating a party's non-retained expert disclosures

5  did not satisfy Rule 26(a)(2)(C) when they "fail[ed] to include any facts on which their non-

6  retained experts will rely, nor ... the opinions to which they are expected to testify").  The Court

7  finds that Plaintiff has not met the expert notification requirements under Rule 26(a)(2)(C).

8  Further, Defendants promptly notified Plaintiff that the expert notification did not comply with

9  Rule 26 and she did not correct the deficiencies in the notice.  Plaintiff provides no reason for her

10  failure to comply with the requirements of the Rule other than her belief that the disclosures were

11  adequate.  Accordingly, Plaintiff has not met her burden to show that the failure to comply was

12  substantially justified.

13        Plaintiff argues that her failure to disclose is harmless because the experts were identified

14  sufficiently in advance of the expert discovery deadline for Defendants to depose each expert to

15  discover in detail the facts and opinions of the experts.  (ECF No. 109 at 8.)  However,

16  Defendants should not be required to take the depositions of Plaintiff's expert witnesses without

17  the benefit of receiving the summary of the expert opinion.  Allowing these witnesses to testify

18  at this time would be prejudicial to Defendants as they have not been informed as to what the

19  witness will testify.  Since Plaintiff did not provide the substance of the witnesses' testimony so

20  that Defendants could inquire into the substance of their opinions by deposition during the

21  discovery period, Defendant cannot cure the prejudice.

22        The trial of this matter is set for May 27, 2015, and ordering Plaintiff to provide the

23  summary of the five witnesses' testimony and allowing Defendants to depose the five witness

24  would necessitate vacating the trial of this matter.  Further, Defendants received Plaintiff's

25  expert disclosures and immediately notified Plaintiff that the disclosure did not comply with

26  Rule 26.  Even after being informed of the deficiency of the expert disclosure, Plaintiff did not

27  correct the disclosure by providing a summary of facts and opinions to which the experts would

28  testify.  The Court finds that sanctions for the failure to comply with Rule 26 are appropriate in

this instance.

**b.     Plaintiff failed to provide supplemental responses to Special Interrogatory No. 2 to identify Barbara Ayers or Marienau as treating providers**

Defendants also move to exclude Plaintiff's experts Barbara Ayers and Marienau Cardoza as Plaintiff did not disclose them as treating physicians in response to interrogatories as required by Rule 26(e).  Plaintiff argues that the disclosure of experts Ayers and Cardoza was timely and to the extent that any technical violation existed it was harmless.

Rule 26(e) provides that a party must supplement discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A). Further, the scheduling report in this action provided that "[t]he provisions of Fed.R.Civ.P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced."  (ECF No. 22 at 3:8-9.)

On March 28, 2014, Plaintiff responded to special interrogatories.  (ECF No. 103-10.) Special Interrogatory No. 2 stated:

> Identify every HEALTH CARE PROVIDER appointment that YOU have attended that relates in any way to sexual harassment and retaliation ALLEGATIONS in the FIRST AMENDED COMPLAINT, including:
> a. The date of each appointment;
> b. The name and address of each HEALTH CARE PROVIDER; and
> c. The purpose of each appointment.

(ECF No. 103-10 at 3.)  In her response to the special interrogatory, Plaintiff only identified Dr. Kenneth Melashenko as a treating provider.  (<u>Id.</u>)  In Special Interrogatory No. 3 Plaintiff was asked to identify all medication taken than in any way relates to the same allegations and to identify the name of the health care provider who prescribed the medication.  (<u>Id.</u> at 3-4.) Plaintiff named Dr. Samantha Davis and Dr. Melashneko as prescribing physicians.  (<u>Id.</u> at 4.) On May 8, 2014, Plaintiff served supplemental answers to the special interrogatories.  (ECF No. 103-11.)  In her supplemental response, Plaintiff identified Dr. Candice Golez as a treating provider.  (<u>Id.</u> at 3.)

Plaintiff first disclosed Ms. Ayers and Dr. Cardoza in her disclosure of expert witnesses

on November 14, 2014.  (ECF No. 103-8.)  Defendant contends that since Plaintiff did not disclose any of these medical providers prior to the discovery cut-off date they were unable to inquire about the treatment that she received from them during her deposition and Defendant's independent medical examiner did not have these provider's records for review during his independent examination.  Defendants further contend that Plaintiff has not supplemented her interrogatory responses to include these providers.

In her declaration Plaintiff states that she did not name Ms. Ayers in her interrogatory response because Plaintiff saw her so early in the time of her harassment.  (Decl. of Plaintiff ¶ 7, ECF No. 108.)  Plaintiff did not disclose Dr. Cardoza as a treating physician because she was not aware that her eye injury was attributable to the ongoing sexual harassment until November 2014.  (Id. at ¶ 8.)  However, Plaintiff did not supplement her responses to the special interrogatory No. 2 to include Dr. Cardoza.  Plaintiff has failed to carry her burden of demonstrating that the failure to disclose Ms. Ayers and Dr. Cardoza as a treating provider was substantially justified or harmless.

### c.    Plaintiff's presentation of expert testimony shall be limited

As Plaintiff failed to comply with Rule 26 as discussed above, the Court finds that a sanction limiting the experts to testify at trial is appropriate.  Plaintiff is seeking to admit the testimony of two categories of experts.  The first consists of Drs. Melashenko, Davis, and Cardoza to testify to Plaintiff's medical conditions.  The second consists of Barbara Ayers and Patricia Hunt to testify to Plaintiff's emotional distress.  The Court shall allow Plaintiff to present testimony from one treating medical provider and one treating mental health provider at the trial of this action.

The Court finds that the prejudice to Defendants is less as to Dr. Melashenko as Plaintiff did disclose him as a treating provider in her March 28, 2014 response to Defendants' special interrogatories.  Further, Defendants do not contend that Plaintiff failed to disclose Patricia Hunt prior to the expert disclosure deadline.  Since the Court finds that Defendants shall suffer the least prejudice by allowing the testimony of experts from which Plaintiff disclosed prior to the expert discovery deadline, these two experts shall be permitted to testify at trial.

Of the five expert witnesses identified in Plaintiff's expert disclosure, Marienau Cardoza, Barbara Ayers and Samantha Davis shall be excluded from testifying at the trial of this action. Experts Patricia Hunt and Kenneth Melashenko shall be permitted to testify to the opinions that they formed during the course of treating Plaintiff. <u>Goodman</u>, 644 F.3d at 821.

Further, to cure any prejudice to Defendant due to the inadequate notice, within five days from the date of service of this order, Plaintiff shall provide Defendants with a summary of the facts and opinions to which each of the witnesses will testify, and Plaintiff shall arrange for Patricia Hunt and Dr. Melashenko to be available to be deposed by Defendants prior to the trial of this action at Plaintiff's expense.  Failure to comply with these requirements will result in the expert testimony being precluded during the trial.

      3.     <u>Defendants' Motion in Limine No. 4</u>

Defendants move to preclude Plaintiff from calling Regina Guzman as a witness in this action for failure to disclose her as witness prior to the pre-trial disclosure.  During the May 6, 2015 hearing, Defendants withdrew motion in limine no. 4.

      4.     <u>Defendants' Motion in Limine No. 5</u>

Defendants move to preclude Plaintiff from calling FNU Mendoza and H. Flores for failure to disclose them prior to the discovery cut-off date.  Plaintiff does not dispute that she did not identify these witnesses in her Rule 26 disclosures or discovery responses, but contends that these witnesses were identified during depositions and Defendants could have discovered their identity by researching within CDCR records to determine the actual identity of the witnesses.

The mere mention of an individual during a deposition is insufficient to place the opposing party on notice that that individual would be called at trial.  <u>Ollier v. Sweetwater Union High School Dist.</u>, 267 F.R.D. 39, 343 (S.D. Cal. 2010) aff'd, 768 F.3d 843 (9th Cir. 2014); <u>see also</u> <u>Rhodes v. Sutter Health</u>, 949 F. Supp. 2d 997, 1010 (E.D. Cal. 2013) (Even where witness was repeatedly mentioned in depositions, and proponent claimed failure to disclose was an honest mistake, the opposing party should be able to rely on Rule 26 disclosures.  Deposition testimony was not sufficient to put party on notice that witness possessed information that supported plaintiff's claims or defenses.).  "To suggest otherwise flies in the face of the

1    requirements of Rule 26(a) and (e)."  Ollier, 267 F.R.D. at 343.

2            Plaintiff did not notify Defendants of the witnesses until after the discovery period in this

3    action closed and Defendants were therefore unable to depose the witnesses.  "Waiting until long

4    after the close of discovery and on the eve of trial to disclose allegedly relevant and non-

5    cumulative witnesses is harmful and without substantial justification."  Ollier, 267 F.R.D. at 343.

6    Plaintiff has failed to carry her burden to show that the failure to disclose these witnesses was

7    substantially justified or harmless.  Therefore, Defendants' motion to preclude from calling FNU

8    Mendoza, or H. Flores at trial in this matter is granted.

9            5.    Defendants' Motion in Limine No. 6

10           Defendants move to exclude exhibits 1 through 16 and 81 and 83 listed on Plaintiff's

11   pretrial statement.  Defendants contend that these documents were not previously disclosed and

12   were not provided to Defendants.  Plaintiff counters that she did not have to provide the

13   documents to Defendants because they were not in her possession at the time that she made her

14   initial disclosures.

15           As discussed above, Rule 26(e) provides that a party must supplement discovery

16   responses "in a timely manner if the party learns that in some material respect the disclosure or

17   response is incomplete or incorrect, and if the additional or corrective information has not

18   otherwise been made known to the other parties during the discovery process or in writing."

19   Fed. R. Civ. P. 26(e)(1)(A).  Rule 36 forbids the use at trial of information that was required to be

20   disclosed unless the failure was substantially justified or is harmless.  R & R Sails, Inc. v. Ins. Co. of

21   Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012).  Further, the scheduling report in this action

22   provided that "[t]he provisions of Fed.R.Civ.P. 26(e) regarding a party's duty to timely supplement

23   disclosures and responses to discovery requests will be strictly enforced."  (ECF No. 22 at 3:8-9.)

24           a.    Exhibits 1 through 16

25           In her initial disclosures, Plaintiff listed employment documents in Category No. 2.  On

26   March 28, 2014, Plaintiff responded to Defendants Request for Production of Documents No. 8

27   which requested production of all documents referenced in Category No. 2.  (ECF No. 103-12 at 5.)

28   Plaintiff responded that she did not have any responsive documents.  (Id.)  In her opposition to the

motion in limine, Plaintiff stated that she requested and received these documents when she began to prepare for trial of this action.  (ECF No. 108 at ¶ 3.)  However, during the May 6, 2015 hearing, Plaintiff contended that these documents were provided by Defendants in their initial disclosures.  As Defendants conceded that these documents were provided in their initial disclosures, Plaintiff is not required to subsequently produce them in response to the request for production of documents.  Further, Plaintiff identified her employment documents in her initial disclosures.  The Court is not persuaded by Defendants argument that they are prejudiced because they did not have an opportunity to question her about her performance reviews and commendations during her deposition.  Defendants' motion to exclude Plaintiff's exhibits 1 through 16 is denied.

Defendants also seek to exclude the documents on the basis of relevance or cumulativeness.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Plaintiff is seeking to admit her annual performance evaluations from 1996 through 2010.  In considering Plaintiff's annual performance evaluations, the relevance diminishes the further the date of issuance are from the time period at issue in this action.  Further, admission of annual performance examinations from 1996 through 2010 is cumulative and will cause undue consumption of time.   The performance evaluations are relevant to Plaintiff's claims that she was retaliated against for reporting the harassment by Defendant Smyth.  Plaintiff alleges that the retaliation began in 2011 after she refused to perform the meal release with Defendant Smyth.   Therefore, the Court grants Defendants' motion to exclude Plaintiff's annual performance evaluations for years prior to 2005 (Exhibits 6 through 10).  The Court denies the request as it pertains to the letters of commendation or appreciation.  To the extent that Defendants seek to object to exhibits 1 through 5 on the basis of relevance or cumulativeness they may do so at trial.

**b.    Exhibits 81 and 83**

Similarly, Defendant's request for Production No. 45 sought all health care provider documents that relate to the sexual harassment and retaliation allegations in the first amended complaint.  (ECF No. 103-12 at 17.)  Plaintiff responded on March 28, 2014, that she did not have

1   any responsive documents.  (Id.)

2          During the May 6, 2015 hearing, Plaintiff advised the Court that she has not yet received

3   these documents and further has not provided Defendants with her trial exhibits in compliance with

4   the March 27, 2015 pretrial order.  Further Plaintiff indicated that she is not required to supplement

5   discovery since we are within thirty days of trial in this action.  However, Rule 26(e)provides a

6   continuing duty to supplement or correct discovery responses.  Further, the March 27, 2015 pretrial

7   order provides that:

8             Even though discovery is closed, all parties are reminded of their continuing
              obligation to update their prior discovery responses if they obtain new information or
9             is otherwise made aware that a prior discovery response is incomplete or incorrect.
              Fed. R. Civ. P. 26(e)(1).
10            If a party attempts to admit or use for any purpose evidence that (1) was not
              previously disclosed during discovery and (2) should have been disclosed as an initial
11            disclosure under Rule 26(a) or as a supplemental disclosure under Rule 26(e), the
              Court will prohibit that party from admitting or using for any purpose that evidence at
12            trial, unless the failure was substantially justified or was harmless. See Fed. R. Civ. P.
              37(c)(1).
13

14   (ECF No. 97 at 44:18-25.)  While Rule 26 provides that disclosures must be made at least 30 days

15   prior to the trial unless the Court orders otherwise, Fed. R. Civ. P. 26 (a)(3)(B), this cannot

16   reasonably be read to mean that within thirty days of trial a party is no longer required to supplement

17   its discovery responses.  If this were so any party could wait to gather discovery until 29 days prior to

18   trial and then be permitted to use such evidence at trial without any prior notice to the opposing

19   party.  This is clearly in contravention of the principle purpose of Rule 26 which is to give opposing

20   parties the opportunity to prepare for trial.  Smith v. Wal-Mart Stores, Inc., No. 2:13-cv-1597-MMD-

21   VCF, 2014 WL 3548206, at *2 (D. Nev. July 16, 2014).

22          Plaintiff's Exhibit No. 81 is chronological medical records and patient notes by Barbara

23   Ayers.  Plaintiff's Exhibit No. 83 is chronological medical records and patient notes by Marienau

24   Cardoza.  The Court has granted Defendants' motion to exclude testimony by these medical

25   providers from trial.  Further, the March 27, 2015 pretrial order provided that the parties were to

26   exchange trial exhibits no later than April 27, 2015.  During the May 6, 2015 hearing, Plaintiff stated

27   that she had not provided her exhibits to opposing counsel.  Allowing Plaintiff to present exhibits at

28   trial that have not been provided to the opposing party until less than three weeks prior to trial would

1    be highly prejudicial to Defendants.  Defendants' motion to exclude exhibits 81 and 83 is granted.

2        6.    Defendants' Motion in Limine No. 7

3        Defendants seek to exclude acts of retaliation against Officer Gaulden for reporting

4    sexual harassment of Plaintiff.  Relying on Morgan v. National Railroad Passenger Corp., 232

5    F.3d 1008 (9th Cir. 2000) aff'd in part, rev'd in part sub nom. Nat'l R.R. Passenger Corp. v.

6    Morgan, 536 U.S. 101 (2002), Plaintiff alleges that excluding such testimony would be

7    reversible error.

8        Morgan dealt with a claim of racial discrimination and the evidence that was excluded

9    was racially derogatory acts and comments that were made to other employees.  Id. at 1013.

10   This testimony went to the overall environment of the workplace and evidence that the

11   defendants were hostile to a group of individuals was relevant and admissible.  Id. at 1018.

12   Here, Officer Gaulden is not testifying to discriminatory treatment based upon his sex, but is

13   alleging that he was retaliated against for supporting Plaintiff.

14       In this instance there are three pieces of evidence which Defendants seek to exclude: 1) a

15   letter of instruction provided to Officer Gaulden when he confronted Defendant Smyth with

16   allegations that he was stalking Plaintiff; 2) a counseling statement for failing to timely report to

17   work on September 6, 2011, September 27, 2011, and November 3, 2011; and 3) Officer

18   Gaulden's testimony that he was subjected to increased scrutiny and retaliation for serving as a

19   witness for Plaintiff.

20       None of these pieces of evidence are relevant as to whether Defendant Smyth sexually

21   harassed Plaintiff.  However, this evidence has some relevance to Plaintiff's claims that she was

22   subjected to a hostile work environment as the claims could demonstrate that sexual harassment

23   was tolerated in the workplace.  While Plaintiff argues that evidence that Officer Gaulden was

24   retaliated against for reporting the sexual harassment must be admitted, allowing presentation of

25   this evidence will cause a mini trial regarding whether the alleged actions were retaliation for his

26   involvement in this action.

27       Officer Gaulden admitted in his deposition that he confronted Defendant Smyth and

28   asked him if he was stalking Plaintiff.  The letter of instruction references this incident and that

1    Officer Gaulden's comments were felt to be malicious, disrespectful, and unprofessional.  (Letter

2    of Instruction, ECF No. 103-4 at 2.)  When Officer Gaulden was questioned about the incident,

3    he alluded that there was an on-going investigation into sexual harassment of Plaintiff by

4    Defendant Smyth.  (Id.)  Officer Gaulden was informed that his comments were uncalled for,

5    unprofessional, and out of line.  (Id.)  He was advised that he should not be openly discussing

6    any confidential information that may be ongoing regarding staff members.  (Id.)  Officer

7    Gaulden was advised that his conduct would not be tolerated and he was to treat fellow

8    employees in a courteous and respectful manner.  (Id. at 3.)

9         A December 6, 2011, employee counseling record states that Officer Gaulden was

10   approximately 10 minutes late reporting to work on November 3, 2011.  (ECF No. 103-5.)

11   Review of employee records showed that this was Officer Gaulden's third time reporting late for

12   work within a two month period.  (Id.)  Officer Gaulden was directed to make a concerted effort

13   to report to his job assignment on time.  (Id.)

14        Plaintiff alleges that these are acts of retaliation due to his efforts to report acts of

15   retaliation.   However, Officer Gaulden was not reprimanded for reporting acts of sexual

16   harassment, but for confronting Defendant Smyth and disclosing his knowledge of the

17   confidential information and reporting late to work.  While Officer Gaulden may believe that

18   these and other acts are retaliation for his support of Plaintiff, this is not the issue to be decided

19   in this action.  Allowing Officer Gaulden to present evidence or testimony that he was retaliated

20   against for supporting Plaintiff would evolve into a mini trial on whether the alleged acts were

21   retaliatory or were supported by Officer Gaulden's conduct.  The Court finds that the probative

22   value of this evidence is substantially outweighed by the undue consumption of time and the

23   danger of confusion of the issues to the jury.  Defendants' motion to exclude evidence that

24   Officer Gaulden was retaliated against for reporting the sexual harassment of Plaintiff is granted.

25        7.    Defendants' Motion in Limine No. 8

26        Defendants move to exclude evidence of the hurt feelings report and that Plaintiff was

27   assigned extra work assignments.  Plaintiff opposes the motion to exclude the hurt feelings report

28   and does not address the assignment of extra work assignments.  In deciding Defendants' partial

1  motion for summary judgment, the Court found that the assignment of extra duties and hurt

2  feelings report did not constitute adverse action to support Plaintiff's retaliation claim. (Order

3  Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment 25-27,

4  ECF No. 90.) However, the Court found that subjecting Plaintiff to a hostile work environment

5  was adverse action to support the retaliation claim. (Id. at 28-31.)

6      In determining whether Plaintiff was subjected to a hostile work environment, actions

7  that may not by themselves be adverse employment action could be relevant to whether the work

8  environment was hostile. Therefore, Defendants' motion to exclude the hurt feelings report and

9  testimony regarding additional work assignments is denied. To the extent that Plaintiff intends

10  to submit evidence on those actions which the Court has previously decided are not adverse

11  employment actions, the parties are directed to meet and confer and include a joint jury

12  instruction addressing the prior finding that the actions are not adverse employment action.

13      8.    Defendants' Motion in Limine No. 9

14      Defendants assert that they do not intend to admit any evidence that would be covered by

15  Rule 412 of the Federal Rules of Evidence, but the parties disagree regarding what evidence

16  would be covered by Rule 412. The Court advises that parties that the Advisory Committee

17  Notes to Rule 412 defines past sexual behavior as "all activities that involve actual physical

18  conduct, i.e. sexual intercourse or sexual contact." Fed. R. Evid. 412 advisory committee note

19  (1994). "In addition, the word 'behavior' should be construed to include activities of the mind,

20  such as fantasies of dreams." Id. Further, the parties shall note that Rule 412 applies to the

21  sexual behavior of the victim, not to the sexual behavior of third parties. To the extent that the

22  parties still dispute whether evidence is admissible under Rule 412, the Court shall set a briefing

23  schedule.

24                              **IV.**

25                    **CONCLUSION AND ORDER**

26      Based on the foregoing, IT IS HEREBY ORDERED that:

27      1.    Plaintiff's motions in limine are granted in part and denied in part as follows:

28              a.    Plaintiff's motion in limine no. 1 is granted in part. Plaintiff's motion to

exclude the testimony of Dr. Scott is denied, however in addressing Plaintiff's sexual history as it applies to the emotional distress claim, Dr. Scott is limited to stating that during the relevant time period Plaintiff entered into and was involved in a relationship with her fiancé;

 b. Plaintiff's motion in limine no. 3 is granted in part.  Defendants shall not admit evidence of the nature of the criminal charges against Plaintiff's son;

 c. Plaintiff's motion in limine no. 5 is granted to the extent that it seeks to exclude expert testimony by the witnesses;

 d. Plaintiff's motions in limine nos. 2, 4, and 6 are denied;

2. Defendants' motions in limine are granted in part and denied in part as follows:

 a. Defendants' motions in limine no. 1 and 8 are denied;

 b. Defendants' motions in limine nos. 5, and 7 are granted;

 c. Defendants' motions in limine no 2 and 3 are granted in part.  Plaintiff is precluded from admitting the testimony of Dr. Cardoza, Barbara Ayers, and Samantha Davis.   Plaintiff may admit the testimony of Drs. Melashenko and Patricia Hunt subject to providing Defendants with a summary of the facts and opinions to which each witness will testify and arranging for the deposition of the experts at Plaintiff's expense;

 d. Defendants motion in limine no. 6 is granted in part and denied in part as follows:

  i. Defendants' motion to exclude exhibits 6 through 10 and 81 and 83 is granted;

  ii. Defendants' motion to exclude exhibits 1 through 5 is denied;

3. Defendants' shall file a Rule 412 motion on or before May 13, 2015;

4. Plaintiff's opposition to the Rule 412 motion shall be filed on or before May 20, 2015;

5. The hearing on Defendants' Rule 412 motion shall be held before the undersigned

1    on May 26, 2015 at 10:00 a.m. in Courtroom 9;

2    6.    Plaintiff shall serve her trial exhibits on Defendants' by close of business on May

3          8, 2015; and

4    7.    To the extent that either party believes that circumstances at trial provide the

5          opportunity to introduce evidence that this Court has found to inadmissible, the

6          parties shall address such evidence with the Court outside the presence of the jury,

7          prior to bringing it up in front of the jury.

8

IT IS SO ORDERED.

9

Dated:   __May 7, 2015__                    _____

10

UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28