# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA B. SANCHEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No.  1:12-cv-01835-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE<br><br>(ECF No. 151) |

Jury trial in this action commenced on May 27, 2015.  During the noon hour on May 29, 2015, Plaintiff filed a motion in limine to allow her to designate adverse witnesses and preclude Defendants from asking leading questions of Department of Corrections employees on cross examination.  (ECF No. 151.)  This Court strives to ensure that all parties receive a fair trial consistent with the rule of law.  Therefore, the Court requires the parties to provide opposing counsel with an adequate opportunity to respond to motions prior to issuing a decision.  This adequate notice also applies to the Court so that the Court can make an informed decision.  The parties are advised that the Court does not receive documents as they are filed and they need to take this into consideration when seeking a ruling on a motion filed during the trial.

Under Rule 611 of the Federal Rules of Evidence, "Leading questions should not be used on direct examination except as necessary to develop the witness's testimony."  The Rule provides that "[o]rdinarily, the court should allow leading questions: (1) on cross-examination;

and (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." "While Federal Rule of Evidence 611(c) permits the use of leading questions when a party calls a witness identified with an adverse party, there is no complementary provision requiring such a witness to be cross-examined without the use of leading questions by the party to whom that witness is friendly." Morvant v. Constr. Aggregates Corp., 570 F.2d 626, 635 (6th Cir. 1978).  Similarly federal evidence law does not provide "an absolute right to ask leading questions on cross-examination."  Oberlin v. Marlin Am. Corp., 596 F.2d 1322, 1328 (7th Cir. 1979).  The mode of examination of witnesses is within the sound discretion of the trial court.  Morvant, 570 F.2d at 635.  This includes the discretion to allow the parties to use leading questions on direct and cross examination to speed the examination of witnesses.  Stine v. Marathon Oil Co., 976 F.2d 254, 266 (5th Cir. 1992)

On the first day of testimony in this trial, Plaintiff called associate warden Sabrina Johnson as a witness in this action.  After the examination of the witness had begun, Plaintiff sought to have her declared an adverse witness.  The Court noted that Ms. Johnson was responding to all counsel's questions and saw no evidence that she was a hostile witness. Additionally, Ms. Johnson was not being called in this action in her position as associate warden. Ms. Johnson was involved in this action in her position as Equal Employment Opportunity coordinator or counselor.  In this position, Ms. Johnson's involvement in this action was generally limited to receiving Plaintiff's EEO complaint, bringing it to the warden's attention, and forwarding the complaint to the appropriate department for investigation.  For these reasons, the Court declined to designate her as an adverse witness.

On the second day of testimony, Plaintiff called Sgt. Lawton to testify in this action.  Sgt. Lawton was Plaintiff's direct supervisor and in this action is accused of failing to report sexual harassment and requiring her to work with Defendant Smyth.  Plaintiff established that Sgt. Lawton was Plaintiff's direct supervisor at the time that she is alleging the sexual discrimination and retaliation occurred in this action.  In his position as Plaintiff's supervisor, Sgt. Lawton is one of the individual officers whose actions are the basis for the claims in this action.  For these reasons, the Court granted Plaintiff's request to have Sgt. Lawton declared an adverse witness.

Plaintiff seeks to have all "key" employees of the California Department of Corrections and Rehabilitation designated as adverse witnesses and allow her to conduct her direct examination with leading questions. The Court will consider a request by either party that a specific witness be designated as an adverse witness, but declines to provide a blanket designation that specific witnesses that are employed by Defendant CDCR are adverse witnesses. The Court will consider the party's proffer for the purposes of deciding if the specific witness is adverse and will rule on each request as it is raised.

Additionally, Plaintiff seeks an order requiring Defendants to not be allowed to lead "key" CDCR employees on cross examination. If a witness is designated as an adverse witness, opposing counsel will not be allowed to cross examine the witness by using leading questions. However, if the witness is not designated as an adverse witness, the normal rules of cross examination will apply.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion in limine, filed May 29, 2015, is GRANTED IN PART and DENIED IN PART consistent with this order.

IT IS SO ORDERED.

Dated:   **May 29, 2015**

UNITED STATES MAGISTRATE JUDGE