# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA B. SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AND SYDNEY SMYTH,<br><br>    Defendants. | Case No. 1:12-cv-01835-SAB<br><br>ORDER ADDRESSING PLAINTIFF'S OBJECTION TO JURY INSTRUCTIONS |

On June 7, 2015, Plaintiff filed objections to the jury instructions. Plaintiff raised objections to jury instruction no. 24 and 41 which were addressed on the record and resolved. Therefore, this order shall address Plaintiff's objection to instruction no. 35, Business Judgment.

Plaintiff argues that an employer does not have a legal option to subject an employee to a sexually hostile work environment as long as it is not for a retaliatory reason. Defendant argues that the California Department of Corrections and Rehabilitation is not liable for retaliation if they take action for a non-retaliatory reason.

The anti-retaliation provision of Fair Employment and Housing Act ("FEHA") provides that it is an unlawful employment practice for "any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden" by "or because the person has filed a complaint, testified, or assisted in any proceeding under" the Act. Cal. Gov. Code § 12940(h). To establish a prima facie

case for a claim of retaliation under FEHA, Plaintiff must establish that 1) she engaged in activity to protect her rights under the statute; 2) an adverse employment decision was taken against her; and 3) there was a causal link between the protected activity and the adverse employment decision. Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1042 (2005).

Under the burden shifting scheme of both Title VII and FEHA, once the plaintiff establishes a prima facie case of retaliation, the burden of production shifts to the defendant to show a legitimate, non-retaliatory explanation for the adverse employment action. Winarto v. Toshiba Am. Electronics Components, Inc., 274 F.3d 1276, 1284 (9th Cir. 2001). "If the employer rebuts the inference of retaliation, the burden of production shifts back to the plaintiff to show that the defendant's explanation is merely a pretext for impermissible retaliation." Winarto, 274 F.3d at 1284.

In this action, Defendants have requested the jury be given a business judgment instruction. "[W]hen a proposed instruction addresses an issue that is crucial to a fair presentation of the case to the jury, the trial court has the obligation to give an appropriate instruction on that issue." Veronese v. Lucasfilm Ltd., 212 Cal. App. 4th 1, 24, 151 Cal. Rptr. 3d 41, 58 (2012), as modified on denial of reh'g (Dec. 28, 2012). Here, Plaintiff has presented evidence that Defendant CDCR subjected her to a sexually hostile work environment in retaliation for her reporting sexual harassment. Defendant has presented evidence that Plaintiff was not subjected to a hostile environment because she filed a complaint, but that she was required to act professionally on those occasions when she came into contact with Defendant Smyth. Defendants have produced evidence that due to the nature of the prison environment there are situations to which all staff are required to respond due to the danger of the situation. There has been evidence of such a situation in which the inmates on the yard rioted and all correctional officers were required to respond. During this incident, Plaintiff alleges that she was in contact with Defendant Smyth.

While Plaintiff argues that it is illegal for Defendants to subject Plaintiff to a hostile work environment and therefore the instruction should not be given, all situations that are covered by FEHA would be illegal. Therefore, applying Plaintiff's analysis, the business judgment

instruction would never be given.  However, in a pregnancy discrimination case, the court found it was error for the trial court to refuse to provide the jury with the business judgment instruction. <u>Veronese</u>, 212 Cal.App.4th at 24.  "Thus, it is proper to instruct a jury, in a retaliation case, that an error in business judgment, unaccompanied by a discriminatory motive, will not give rise to liability."  <u>Taylor v. City of Burbank</u>, No. B242502, 2014 WL 2153762, at *9 (Cal. Ct. App. May 22, 2014) (unpublished).  "[A] plaintiff in a discrimination case must show discrimination, not just that the employer's decision was wrong, mistaken, or unwise."  <u>Veronese</u>, 212 Cal.App.4th at 21.

In this instance, the Court finds that Defendants have produced evidence from which the jury could find that CDCR's actions were taken for a non-discriminatory or non-retaliatory reason.  For these reasons, Plaintiff's objection to the requested instruction is overruled.

IT IS SO ORDERED.

Dated:   **June 8, 2015**

UNITED STATES MAGISTRATE JUDGE