# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA B. SANCHEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and SYDNEY SMYTH,<br><br>　　　　Defendants. | Case No.  1:12-cv-01835-SAB<br><br>ORDER GRANTING IN PART DEFENDANTS' APPLICATION FOR LEAVE TO FILE AN OVERSIZE BRIEF<br><br>(ECF No. 189) |

　　After a twelve day trial in this action, the jury found in favor of Plaintiff Sanchez and awarded $550,000.00 in compensatory damages and $15,000.00 in punitive damages.  (ECF Nos. 178, 179, 182.)  On July 1, 2015, Defendants filed an application for leave to file an oversized brief for their motion for a new trial.

　　Rule 59 of the Federal Rules of Civil Procedure states that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party--. . . after a jury trial, for any reason for which a  new trail has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1).  Historically recognized grounds to grant a new trial include claims that the verdict is against the weight of the evidence, damages are excessive, or that the trial was not fair to the moving party."  Molksi v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007).  "The Ninth Circuit has held that '[t]he trial court may grant a new trial only if the verdict is contrary to

the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.' " Lombino v. Bank of Am., N.A., 797 F. Supp. 2d 1078, 1080 (D. Nev. 2011) (citations omitted). The court can grant a motion for a new trial pursuant to Rule 59 where it finds that the verdict is against the clear weight of the evidence and the judge is left with the definite and firm conviction that a mistake has been committed. Landes Const. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir. 1987).

Defendants intend to challenge the sufficiency of the evidence to support the jury verdict on the sexual harassment and retaliation claims, the finding that Defendant Smyth acted maliciously and oppressively, and the size of the compensatory damages and punitive damages awards. The Court's standard procedures limits briefs to twenty-five pages and Defendants seek to file a brief not to exceed fifty pages. The Court finds that based upon the issues Defendants intend to address, good cause exists to allow Defendants to file a brief not to exceed thirty-five pages in length.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion is GRANTED IN PART and Defendants' motion for a new trial may not exceed thirty-five pages in length, excluding any exhibits.

IT IS SO ORDERED.

Dated:  **July 6, 2015**

UNITED STATES MAGISTRATE JUDGE