# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA B. SANCHEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and SYDNEY SMYTH,<br><br>        Defendants. | Case No. 1:12-cv-01835-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR A STAY OF EXECUTION OF JUDGMENT<br><br>(ECF Nos. 186-88) |

After a twelve day trial in this action, the jury found in favor of Plaintiff Sanchez and awarded $550,000.00 in compensatory damages and $15,000.00 in punitive damages. (ECF Nos. 178, 179, 182.) On June 19, 2015, Defendants filed a motion to stay execution of the judgment. (ECF Nos. 186-188.) Argument on Defendants' motion to stay is set for July 22, 2015. Plaintiff did not file a timely opposition to the motion to stay and accordingly is not entitled to be heard at the hearing. Therefore, the hearing set for July 22, 2015 shall be vacated and the parties are not required to appear on that date. Local Rule 230(c).

Defendants move for a stay of the enforcement of judgment in this action pending resolution of their motion for a new trial, or in the alternative, motion for remittitur which are due on July 15, 2015. Additionally, Defendant CDCR seeks for the Court to waive the requirement of a bond for the compensatory damages award.

1

Pursuant to the Federal Rules of Civil Procedure, a judgment is automatically stayed until fourteen days after the entry of judgment unless the court orders otherwise. Fed. R. Civ. P. 62(a). "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition" of a motion brought "under Rule 59, for a new trial or to alter or amend a judgment; or [] under Rule 60, for relief from a judgment or order." Fed. R. Civ. P. 62(b).

"Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial." Int'l Wood Processors v. Power Dry, Inc., 102 F.R.D. 212, 214 (D.S.C. 1984) (citations omitted). While Rule 62 provides that a stay pending disposition of post-trial motions may be had "on appropriate terms for the opposing party's security[,]" Rule 62(b) indicates that courts have flexibility in assessing adequate security. Int'l Wood Processors, 102 F.R.D. at 215. The district court has the discretion to issue an unsecured stay in unusual circumstances where the granting of the stay will not "unduly endanger the judgment creditor's interest in ultimate recovery." Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760 (D.C. Cir. 1980)

Courts have found two situations in which the "wavier of the bond requirement is appropriate: 1) where defendant's ability to pay is so plain that the cost of the bond would be a waste of money; and 2) where the requirement would put the defendant's other creditors in undue jeopardy." Brooktree Corp. v. Advanced Micro Devices, Inc., 757 F. Supp. 1101, 1104 (S.D. Cal. 1990) (quoting Olympia Equipment v. Western Union Telegraph Co., 786 F.2d 794 (7th Cir.1986) (internal punctuation omitted). Here, Defendants are seeking to stay execution of the judgment pending disposition of the post-trial motions. Post-trial motions are due on July 15, 2015, and pursuant to notice requirements will be calendared for oral argument not less than 28 days thereafter. Local Rule 230(b). Given that the parties have consented, this Court anticipates that the motions will be decided shortly after the hearing. Therefore, any delay in execution of judgment due to the disposition of post-trial motions should be relatively brief.

The State of California and Defendant Smyth are the judgment debtors for compensatory damages, and Defendant Smyth is the judgment debtor for the punitive damages award of

$15,000.00.  The Court finds that the State's ability to pay is such that a bond is not required for the compensatory damages and Plaintiff Sanchez interest in ultimate recovery will not be unduly endangered if such a bond is not required.

Defendant Smyth states that he will post an appropriate security for the punitive damages. The Court shall order Defendant Smyth to post a bond in the amount of the punitive damages award. .  Accordingly, Defendant Smyth is ordered to post a bond in the amount of $15,000.00.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for a stay of execution of judgment is GRANTED;

2. The motion is GRANTED conditioned on the requirement that Defendant Smyth post a bond in the amount of $15,000.00 no later than July 24, 2015;

3. Execution of judgment in this action is STAYED as of the date of issuance of this order;

4. If Defendant Smyth fails to post a bond by July 24, 2015 or Defendants fail to file a motion for a new trial, or in the alternative, motion for remittitur by July 15, 2015, the stay shall automatically lift; and

5. If Defendants file a motion for a new trial, or in the alternative, motion for remittitur by July 15, 2015 and Defendant Smyth posts the full bond by July 15, 2015, the stay shall continue until the disposes of the motion for a new trial, or in the alternative, motion for remittitur on the merits.

IT IS SO ORDERED.

Dated:   **July 12, 2015**

UNITED STATES MAGISTRATE JUDGE