# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA B. SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and SYDNEY SMYTH,<br><br>    Defendants. | Case No. 1:12-cv-01835-SAB<br><br>ORDER DENYING DEFENDANTS' REQUEST TO REDACT TRIAL TRANSCRIPT WITHOUT PREJUDICE<br><br>(ECF No. 248)<br><br>FIVE DAY DEADLINE |

    A twelve day jury trial was conducted in this action, and the jury found in favor of Plaintiff Sanchez and awarded compensatory and punitive damages. (ECF Nos. 178, 179, 182.) The trial transcripts have been requested and transcribed and on September 18, 2015, Defendants filed a motion to redact portions of testimony during the punitive damage phase on the basis of confidentiality of Defendant Smyth's financial information.

    Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy

reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989)

The Ninth Circuit recognizes the strong presumption in favor of access to public records. Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1135 (9th Cir. 2003.) In determining whether the common law right to access to the records is overridden, the party seeking protection must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure."[1] Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2009) (quoting Foltz, 331 F.3d at 1178-79); see Kamakana, 447 F.3d at 1183-84 (applying compelling reason standard to redaction of information contained in court records).

The Ninth Circuit has held that "compelling reasons" are "sufficient to outweigh the public's interest in disclosure and justify sealing court records" when such "court files might have become a vehicle for improper purposes," such as where the records could be used "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon, 435 U.S. at 598). However, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Kamakana, 447 F.3d at 779 (quoting Foltz, 331 F.3d at 1136).

There is a presumption that all judicial proceedings are public. Estes v. State of Tex., 381 U.S. 532, 542 (1965). Here, the testimony which Defendant seeks to have redacted was proffered during the trial of this matter. The testimony was not part of a sealed hearing, but was taken during the trial which was open to the public and there is no indication that members of the public were not present during the testimony. Since this information has already entered the public domain, it cannot in any meaningful way be removed from the public domain. See Gambale v Deutsche Bank AG, 337 F.3d 133, 145 n.11 (2nd Cir. 2004) (once information becomes public, it necessarily remains public). Courts have rejected such requests to redact transcripts after the fact as a backdoor attempt to seal the courtroom. See Pfizer, Inc. v. Teva

---

[1] While a good cause standard applies to materials unearthed in discovery, a compelling reason standard applies to most judicial records. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2009).

Pharm. USA, Inc., No. CIV.A. 08-1331 (DMC), 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) ("Once a hearing is conducted in open court, information placed on the record is just that: information that is on the record. . . . Ex-post facto sealing should not generally be permitted."); TriQuint Semicondcutor, Inc. v. Avago Technologies Ltd., No. CV-09-1531-PHX-JAT, 2012 WL 1432519, at *7 (D. Ariz. Apr. 25, 2012) ("absent any extraordinary circumstances, such as, for example, the unexpected and inadvertent disclosures in Trust for Gore, the Court will not apply the Kamakana standard to redact from a transcript information that was publicly disclosed in an open courtroom"); but see Richardson v. Mylan Inc., No. 09-CV-1041-JM (WVG), 2011 WL 837148, at * 2 (S.D. Ca. March 9, 2011) (sealing transcript which contained testimony regarding proprietary information that could have serious consequences to defendant's business and was of little value to the general public in understanding the nature of the proceedings).

   Defendant contends that his right to financial privacy under the California constitution outweighs the public's right to read the transcript about that information. However, simply invoking a blanket claim, such as privacy is not sufficient to exempt information from the public's right of access. Kamakana, 447 F.3d at 1185. Defendant Smyth and his spouse are both public employees. "[W]ell-established norms of California public policy and American public employment exclude public employee names and salaries from the zone of financial privacy protection." Int'l Fed'n of Prof'l & Technical Engineers, Local 21, AFL-CIO v. Superior Court, 42 Cal. 4th 319, 327 (2007). A "party claiming a violation of the constitutional right of privacy established in article I, section 1 of the California Constitution must establish (1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) a serious invasion of the privacy interest." Int'l Fed'n of Prof'l & Technical Engineers, Local 21, AFL-CIO, 42 Cal.4th at 338. The California Supreme Court concluded "that public employees do not have a reasonable expectation of privacy in the amount of their salaries." Id.

   Additionally, some of Defendants' redaction requests contain multiple pages of trial transcript. To the extent that some of the information could potentially be entitled to protection, Plaintiff's request to redact large portions of the transcript is overbroad. The issue here is whether the information would be of value to the general public in understanding the nature of

1  the proceedings.  The issue before the jury was the amount of punitive damages to be awarded to
2  Plaintiff and against Defendant Smyth.  Therefore, much of this information would be of value to
3  the public in understanding the nature of the proceedings.
4        Further, in making these broad requests for redaction of multiple pages of trial testimony,
5  the testimony included contains information that is not entitled to protection.
6        The Court does not decide that Defendants' motion is entirely without merit.  However,
7  Defendants have not met their burden of demonstrating that Defendant Smyth has a privacy
8  interest that outweighs the public's right to access to the testimony presented at the trial of this
9  matter.
10       Accordingly, it is HEREBY ORDERED that Defendants' request for redaction of the
11 trial transcript is DENIED WITHOUT PREJUDICE.  Defendants shall be granted five days from
12 the date of service of this order to file a second notice of intent to request redaction.  The
13 additional deadlines set on September 17, 2015 shall remain in effect.

IT IS SO ORDERED.

Dated:  **September 22, 2015**

                                                UNITED STATES MAGISTRATE JUDGE