# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA B. SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and SYDNEY SMYTH,<br><br>    Defendants. | Case No. 1:12-cv-01835-SAB<br><br>ORDER GRANTING IN PART DEFENDANTS' REQUEST TO REDACT TRIAL TRANSCRIPT<br><br>(ECF No. 250, 252) |

A twelve day jury trial was conducted in this action, and the jury found in favor of Plaintiff Sanchez and awarded compensatory and punitive damages. (ECF Nos. 178, 179, 182.) The trial transcripts have been requested and transcribed and on September 18, 2015, Defendants filed a motion to redact portions of testimony during the punitive damage phase on the basis of confidentiality of Defendant Smyth's financial information. The initial request was denied without prejudice on September 22, 2015, and Defendants filed an amended request to redact the trial transcript on September 25, 2015. Plaintiff filed an objection on October 12, 2015.

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447

F.3d at 1172.  The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989)

The Ninth Circuit recognizes the strong presumption in favor of access to public records. Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1135 (9th Cir. 2003.)  In determining whether the common law right to access to the records is overridden, the party seeking protection must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2009) (quoting Foltz, 331 F.3d at 1178-79); see Kamakana, 447 F.3d at 1183-84 (applying compelling reason standard to redaction of information contained in court records).

The Ninth Circuit has held that "compelling reasons" are "sufficient to outweigh the public's interest in disclosure and justify sealing court records" when such "court files might have become a vehicle for improper purposes," such as where the records could be used "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon, 435 U.S. at 598).  However, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Kamakana, 447 F.3d at 779 (quoting Foltz, 331 F.3d at 1136).

The testimony at issue here was taken during phase II of the trial, the punitive damages phase, and deals specifically with employment and financial information for Defendant Smyth and his spouse.  In his amended request, Defendant has significantly reduced the sections of the transcript which he seeks to redact and claims a privacy interest in the information for which redaction is requested.  Plaintiff contends that Defendant has not met the standard to show a compelling reason to redact the testimony.

Defendant Smyth seeks to redact financial information, including the number of accounts that he has and the names of the banks where he holds accounts and companies with which he has a credit card.  Defendant Smyth contends that this is sensitive information which could be

1  used for improper purposes.  As to the number of accounts that Defendant Smyth holds, the
2  Court finds that Defendant has not demonstrated a compelling reason for redaction.

3  However, the Court finds that the names of the financial institutions and companies
4  which hold Defendant Smyth's accounts is the type of information which could be misused to
5  harm Defendant Smyth financially, especially considering his position as a correctional officer.
6  Further, the names of the financial institutions and companies are not necessary to understand the
7  proceedings in this action.

8  Accordingly, the Court finds that Defendant Smyth has met his burden of showing
9  compelling reasons exist to redact the identifying information that outweighs the public interest
10 in disclosure.  The Court shall grant the request to redact the identifying information.

11 The Court finds that Defendant has failed to meet the burden to show that compelling
12 reasons exist for the remainder of the requests for redaction.  Defendant seeks to redact
13 information regarding the amount of an inheritance received by his spouse, her job search,
14 retirement accounts, and support provided to her daughter.  None of this information is
15 particularly sensitive information, and the fact that Defendant prefers the information is not
16 disclosed or that it may be embarrassing is insufficient to compel the Court to seal the record.
17 Kamakana, 447 F.3d at 779.

18 Accordingly, IT IS HEREBY ORDERED that Defendants' request to redact the trial
19 transcript is GRANTED IN PART, and before filing the transcript, the Court reporter shall redact
20 the names of the financial institutions and companies at the following page and line numbers:

| | | |
|---|---|---|
| 2486:25 | 2496:2 | 2498:8 |
| 2494:13 | 2496:5 | 2516:12 |
| 2494:14 | 2496:7 | 2516:14 |
| 2494:15-16 | 2496:14 | 2516:17 |
| 2494:19 | 2497:4 | 2516:21 |
| 2494:23-24 | 2497:17 | 2530:2 |
| 2495:17 | 2497:24-25 | 2534:17 |
| 2495:21 | 2498:2-3 | 2548:1-4. |

2495:24

IT IS SO ORDERED.

Dated: __**October 20, 2015**__

UNITED STATES MAGISTRATE JUDGE